## W. R. McCLELLAN, GARNISHEE, v. H. ROUTH.

Delivered February 18, 1897.

**Garnishment—Fund not Subject.**

C. borrowed money for the purpose of buying a lot and erecting a building thereon. The lender contracted for a lien on the property upon completion of the improvements, and stipulated that it should be free from other liens, and in order to secure that end deposited the money with its agent, who was to pay it out as the work progressed. The fund was garnished in the hands of the agent by a creditor of C. Held, that the garnishment could reach only what remained in the agent's hands after the completion of the improvements.

APPEAL from the County Court of Harris. Tried below before Hon. JOHN G. TOD.

*J. W. Campbell*, for appellant.—Plaintiff wholly failed to show that the garnishee was liable to defendant, and wholly failed to show that defendant had any claim upon the money in garnishee's hands as trustee, until after all claims for labor and material had been fully paid and satisfied, and the undisputed evidence in the case showed a valid claim for $120 for mechanic's work necessarily done which is wholly unprovided for. Mensing v. Engelke, 67 Texas, 537; Railway v. Terry, 50 Texas, 124; Ellison v. Tuttle, 26 Texas, 283; Howard v. Crawford, 21 Texas, 399.

[No brief for appellee reached the Reporter.]

WILLIAMS, ASSOCIATE JUSTICE.—From the answer of the garnishee and from the evidence, it appeared that Clark, the judgment

debtor, had borrowed from the Michigan Loan & Savings Association $16,000, which had been deposited with the garnishee, who was the agent of the association, to be disbursed as stated below, and that, at the date of the service of the writ, there remained in the garnishee's hands $498.12 of this sum. The court below held that this belonged to Clark, and was subject to the writ.

The money was loaned to enable Clark to purchase a lot and erect upon it a building, and before extending the loan the association required that a contract with a contractor for the construction of the improvements be made by Clark, with the usual lien for cost of construction, which was done; and the association took from the contractor an assignment of the contract, with the lien by which it was secured, as its security for the loan. It then, with Clark's consent, placed the money in the hands of its agent, the garnishee, to be held and paid out as the work progressed, so that the building could be thus completed and paid for and discharged from all claims for labor and material furnished in its erection.

When the garnishment was served the building was uncompleted, and after service the garnishee paid out all of the amount on hand at service, except $114. When the garnishee answered there was a claim asserted by one Schindler for $120, for work done in completing the building, and he was made a party to the proceeding in order that he might assert his claims.

By the writ appellee acquired no greater right against the garnishee than Clark himself had. The garnishing creditor could not recover from the garnishee unless Clark himself could have done so. The contract, by which the rights of the garnishee and of Clark were to be determined, was not changed by the writ. Mensing v. Engelke, 67 Texas, 537. The garnishee was bound to apply the money in accordance with the agreements between the parties under which he held it. The association stipulated for the completion of the building upon the lot, freed from all prior liens of laborers and furnishers of material, and held the money to be applied for that purpose. None of the fund could become absolutely Clark's until the improvements had been completed and paid for. Until then Clark could not demand it, and hence the garnishment could not reach it.

According to many authorities, a fund thus incumbered would not be subject to garnishment. But, under the authority of the case just cited, and of Carter Bros. v. Rush, 79 Texas, 31, it may be that, if any balance remained in McClellan's hands after the building was completed and paid for and the fund freed from all contingencies, the garnishment would hold it. But, in this case, it appears that, with one exception, all sums paid out by the garnishee, after service of the writ, were paid for work or material employed upon the building. These payments were properly made in accordance with the agreements existing before the writ was served. There was a balance still in the garnishee's hands, but there was also a claim for labor done on the building, which ex-

ceeded such balance. The court below has not found that this claim is not just, but held that the whole of the amount in the garnishee's hands at the service of the writ belonged to Clark, and was subject. Under the facts in the record, it could hardly be held that the balance in the garnishee's hands is subject; but if it were so, this would not sustain the judgment, which is for a much larger sum. The garnishee cannot be charged upon the theory that the money held by him belonged to Clark, as a loan, because Clark had no right to it until the building was completed and paid for, so as to furnish the security for which the association provided.

The plaintiff seems to have claimed in the court below that the sums claimed by others for labor and material were really due to Clark, he having furnished material and performed work upon the building. The sums actually paid out after the service of the writ, with the exception mentioned below, were paid to other persons and not to Clark. The evidence hardly warrants the conclusion that the claim of $120 asserted by Schindler really belongs to Clark. If the facts on another trial should show that this money is really due to Clark, instead of Schindler, and is not exempt from garnishment, it may be subjected.

The evidence also shows that $24 was paid by the garnishee after the service of the writ to the discharge of Clark's dues to the association. It is also shown, however, that this application of the money had been agreed to between the garnishee and Clark before the writ was served. When the writ was served the agent of the association had the right to hold that sum for the purpose mentioned and that right could not be taken away by the writ.

<em>Reversed and remanded.</em>