MOORE & BRIDGEMAN v. UNITED STATES FIDELITY & GUARANTY
COMPANY.

Decided November 11, 1908.

1.—Garnishment—Damages—Liability of Surety.

The liability of a surety on a garnishment bond extends only to conse-
quences which follow as the proximate result of the suing out of the writ.

2.—Same—Case Stated.

A surety on a garnishment bond is not liable for damages resulting to the
defendant in garnishment by the refusal of the garnishee, under a mistaken and
unwarranted view of the obligations of the writ, to proceed with and carry
out a contract previously entered into with the defendant in garnishment,
whereby said defendant was damaged.

Appeal from the Sixtieth Judicial District, Jefferson County. Tried
below before. Hon. L. B. Hightower.

*G. P. Dougherty,* for appellants.

*Crook, Lord & Lawhon,* for appellees.—The service of a writ of gar-
nishment can not have the effect of altering or changing a valid and sub-
sisting contract existing between the garnishee and defendant at the
time of the service of the writ. Mensing v. Engelke, 67 Texas, 537;
McClellan v. Routh, 15 Texas Civ. App., 344; 2 Shinn on Attachments
and Garnishment, par. 487, 516; 20 Cyc., p. 1066.

A garnishee is liable to plaintiff only to the amount claimed in plain-
tiff's suit, with interest and costs of court. The service of the writ of
garnishment on the Port Arthur Rice Milling Co. only required the
garnishee to hold funds in its hands sufficient to pay a judgment of
$478.50, with interest at the rate of ten percent per annum from Decem-
ber 1, 1902, and for costs of court, and defendant would not have been
liable for a greater amount. Rev. Stats., art. 239; Moursund v. Priess,
84 Texas, 554; Plowman v. Easton, 15 Texas Civ. App., 304; 2 Shinn
on Attachment and Garnishment, par. 685 and 686.

JAMES, CHIEF JUSTICE.—The circumstances of this proceeding are
that Moore & Bridgeman, rice growers, and the Port Arthur Rice Mill-
ing Company, on or about February 5, 1903, entered into a contract by
which the latter agreed to mill and prepare for market and to sell for
the former their crop of 1903; that Moore & Bridgeman had up to Janu-
ary 22, 1904, delivered 5,525 sacks, which the milling company had in
its possession under said contract on said date; that on January 21,
1904, Aultmann, Miller & Co., a corporation, sued Moore & Bridgeman
in the County Court of Jefferson County for an alleged debt of $478.50,
and garnisheed the milling company. The milling company, believing
it had no authority to proceed with milling and selling the rice after
thus garnisheed, refused to do so until an order was entered by the
County Court in which the garnishment was pending; that the market
price of the rice declined thirty-five cents a sack between January 22 and
March 15, 1904; that on March 16th the said suit against Moore &

Bridgeman was tried, and it was adjudged that the debt sued on did not exist.

· The present action was instituted by Moore & Bridgeman against the appellee, the surety on the garnishment bond, the petition alleging, substantially, the above facts, and that Aultmann, Miller & Co., the principal in said bond, was beyond the jurisdiction of the court and was insolvent, and prayed for damages in the sum of $1,933.76, alleging as the measure of damages the difference between the market price of the rice on January 22, 1904, when the writ was served, and March 15, 1904, when it was decreed in the County Court that Moore & Bridgeman were not indebted to Aultmann, Miller & Co.

The petition also alleged that the garnishment suit was dismissed on May 9, 1905; that the rice in question was converted into money under orders of the County Court, and sold for $14,566.91, which was held by the Port Arthur Milling Company under orders of the court, as garnishee, until the garnishment proceeding was dismissed on May 9, 1905, and thereby the said Moore & Bridgeman were wrongfully and unlawfully deprived of the use of the said property from January 22, 1904, until May 9, 1905, to their damage in the sum of six percent interest on said sum between said dates.

The amended petition set up substantially all the above facts, and alleged that plaintiffs' cause of action had been assigned to Fleming & Fleming, who were admitted to prosecute the action.

The court sustained demurrers to the petition, and, on plaintiffs declining to amend, dismissed the cause.

Appellants' propositions are:

"1st.   A garnishee holds property of the defendant in his possession after service upon him, as a receiver or officer of the court, and he can not thereafter change the form of the property and thereby place an additional burden upon it; nor has he the right to sell and dispose of it although he may have authority from the defendant to do so.

"2d.   Sureties on attachment and garnishment bonds are liable for actual damages resulting from a wrongful issuance and service of such writs.

"3d.   Where a writ of garnishment is wrongfully sued out and served, and money of the defendant is thereby wrongfully detained in the possession of the garnishee, the defendant is entitled to recover as actual damages six percent interest on the money during the period it is unlawfully held by such garnishment proceeding."

The above propositions are indisputable, but they find no application in this case.   This is an action against the surety on the garnishment bond, and its liability for damages extends no further than to consequences which followed as the proximate result of the suing out of the writ. (Shinn on Attachment & Gar., sec. 184.)   If, notwithstanding the service of the writ upon the milling company, it had the right to proceed to fulfill its contract with Moore & Bridgeman, but it saw fit not to do so for a reason unfounded in law, such act can not legitimately be attributed to the suing out of the writ, so as to charge the surety for the consequences thereof.

That, notwithstanding the writ, the milling company had the right, and was obligated, to proceed with the performance of its contract pre-

viously entered into with Moore & Bridgeman, is well settled. Mensing v. Engelke, 67 Texas, 537; McClellan v. Routh, 15 Texas Civ. App., 344; Shinn, Att. & Gar., secs. 487, 516. The garnishment operated merely to substitute the plaintiff in garnishment, *pro tanto,* to the rights of Moore & Bridgeman. The wisdom of the above rule is clearly vindicated in the conditions exhibited in this proceeding, when a different rule would arrest the performance of a contract involving large interests on a garnishment for a few hundred dollars.

Our conclusion is that the surety on the bond is not liable for the consequences to plaintiffs of a course which the garnishee elected to pursue under a mistaken and unwarranted view of the obligations of the writ. The judgment is affirmed.

*Affirmed.*

Writ of error refused.