## FOY v. BRENARD MFG. CO.  (No. 92.)

(Court of Civil Appeals of Texas.  Eastland.
Jan. 22, 1926.)

**1. Trial** ⬧⟿403—**Handing conclusions of fact and law to deputy clerk, with request to file them before adjournment of court, amounts to filing within statutory time.**

Handing conclusions of fact and law before adjournment of court to deputy county clerk, with request to file them amounts in law to filing thereof within statutory time.

**2. Trial** ⬧⟿403—**That conclusions of fact and law were mislaid and appellant's counsel did not know they were filed until he presented bill of exceptions cannot avail him, where court informed him that they had been filed, and tendered copy thereof when bill was presented.**

That conclusions of fact and law, handed by court to deputy county clerk before adjournment with request to file them, were mislaid, and appellant's counsel did not know that they were filed until he presented bill of exceptions, cannot avail him, where court informed him when bill was presented that they had been filed, and tendered counsel a copy thereof, whereupon counsel should have offered substituted conclusions, which court would have had show file mark as of date when originals were delivered to clerk.

**3. Trial** ⬧⟿393(1).

Statements in judgment of conclusions on which based constitute sufficient conclusions of fact and law.

**4. Appeal and error** ⬧⟿883—**Assignment of error in taking case from jury is untenable, where judgment recites that jury was discharged and cause submitted to court by parties' agreement.**

Assignment of error in taking case from jury is untenable, where judgment recites that, by

parties' agreement at conclusion of testimony, jury was discharged and cause submitted to court for judgment on law and facts.

### 5. Appeal and error ⬅⟶1078(4).

Unbriefed assignment of error in taking case from jury need not be considered, no question of fundamental error being presented.

Appeal from Eastland County Court at Law; Tom J. Cunningham, Judge.

Action between W. L. Foy and the Brenard Manufacturing Company. From a judgment for the latter, the former appeals. Affirmed.

S. W. Pratt, of Cisco, for appellant.
Eugene Lankford, of Cisco, for appellee.

PANNILL, C. J. [1, 2] Appellant seeks to reverse this case because of the alleged failure of the trial court to file conclusions of fact and law within the time provided by statute after timely request therefor. The assignment presenting this contention must be overruled, because the bill of exceptions as qualified by the trial court shows that the court prepared said conclusions of fact and law before adjournment of the court, and handed the same to one of the deputies in the county clerk's office with the request to file the same. This in law amounted to a filing of the conclusions. Holman v. Chevaillier's Adm'r, 14 Tex. 337, 338; Bettison v. Budd, 21 Ark. 578–580. The fact that the conclusions of fact and law were mislaid and that appellant's counsel did not know that they were filed until he presented his bill of exceptions to the court cannot avail appellant, for the reason that, at the time said bill of exceptions was presented, the court informed appellant's counsel that the conclusions had been filed, and tendered appellant's counsel a copy of the same. Appellant then had ample opportunity to and should have substituted the conclusions which were lost, and the court should and would have had the substituted conclusions show the file mark as of the date when the originals were delivered to the clerk. Hassell v. Rose (Tex. Civ. App.) 199 S. W. 845; Holman v. Chevaillier's Adm'r, supra.

[3] In addition to the foregoing, the court in his judgment fully stated his conclusions upon which the judgment was based, and this has been held to constitute sufficient conclusions of fact and law. G. H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 526.

[4 5] The other assignment that the court should have submitted the case to the jury and committed error in taking the case from the jury is likewise untenable for the reason that the judgment recites that, at the conclusion of the testimony, the parties agreed that the case should be withdrawn from the jury and judgment rendered on the law and the facts by the court. The court did not instruct a verdict, but, under the recitals re-

ferred to, the jury was by agreement of the parties discharged and the cause submitted to the court as a nonjury case. There is no showing in the record that the agreement as recited was not had; moreover, the assignment of error relating to this matter has not been briefed and does not present a question of fundamental error.

For the reasons stated, all assignments are overruled and judgment is affirmed.