## PITTSBURGH PLATE GLASS CO. v. BECK et al. (No. 322.)

Court of Civil Appeals of Texas. Eastland. Sept. 30, 1927.

Rehearing Denied Oct. 27, 1927.

1. Garnishment ☞232—Right of materialmen and laborers to fix liens and impound amount due could not be precluded by garnishment served before time given them by law had expired.

Right of materialmen and laborers furnishing materials to and working for subcontractor to fix their liens and impound amount due from contractor made to subcontractor could not be precluded by garnishment served on contractor before time given them by law in which to file their liens had expired.

2. Garnishment ☞105—Plaintiff in garnishment acquires no greater right by service of writ than defendant could have enforced against garnishee.

Plaintiff in garnishment acquires no greater right by service of his writ than that which defendant could have asserted and enforced in action against garnishee.

3. Garnishment ☞113—Writ does not reach liability under contract which has not accrued when garnishee answers.

Writ of garnishment does not reach liability under contract which has not accrued at time of answer of garnishee.

4. Garnishment ☞114—Liability of garnishee accruing after answer filed is not subject to garnishment.

Liability of garnishee accruing after answer filed is not subject to writ of garnishment.

5. Garnishment ☞42, 114—If liability has been incurred, that debt was not due when garnishee filed answer will not relieve garnishee, but if at time of filing answer liability of garnishee was contingent or uncertain, garnishee is not liable.

If liability has been incurred by garnishee, fact that debt is not due when answer is filed will not relieve garnishee, but if at date of

filing of answer liability of garnishee was contingent or uncertain, garnishee is not liable.

**6. Garnishment ⟨⟨⟨⟩13—Where contractor under contract with subcontractor could retain amount to pay materialmen's claims against subcontractor, and claims exceeded amount contractor owed subcontractor, amount was not subject to garnishment.**

Where contract between garnishee contractor and subcontractor provided that garnishee could retain out of money due subcontractor an amount sufficient to cover materialmen's and laborers' claims against subcontractor for which garnishee might become liable, and at time of service of garnishment writ such claims against subcontractor exceeded amount due him from garnishee, amount due subcontractor from garnishee was not subject to garnishment for subcontractor's debt to plaintiff, having nothing to do with building contract.

**7. Garnishment ⟨⟨⟨⟩168—Proceeding to trial on garnishment suit prior to judgment in main suit was erroneous.**

Proceeding to trial in garnishment suit prior to judgment in main suit was erroneous, since no judgment can be entered against garnishee until there is judgment for plaintiff in main suit.

**8. Appeal and error ⟨⟨⟨⟩1046(4)—Proceeding to trial in garnishment suit prior to judgment in main suit held not reversible error.**

Proceeding to trial in garnishment suit prior to judgment in main suit *held* not reversible error, where, if reversal should be ordered and after judgment in main suit, garnishment should be again tried, it would be duty of trial court to render judgment in favor of garnishee and against plaintiff.

**9. Appeal and error ⟨⟨⟨⟩1138—Reversal will not be had for error if it conclusively appears that complaining party cannot obtain relief by second trial.**

Even though error has been committed by trial court, reversal will not be had if it conclusively appears that complaining party cannot obtain relief by second trial.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Garnishment proceeding by the Pittsburgh Plate Glass Company against J. W. McNeal and another, defendants, and Henry C. Beck, garnishee, in which others were impleaded by garnishees. From the judgment, plaintiff appeals. Affirmed.

Spafford & Lofton, of Dallas, for appellant. Fred J. Dudley & Associates, of Dallas, for appellees.

PANNILL, C. J. The appeal is by the plaintiff from an adverse judgment in a suit by it against the appellee Beck, as garnishee, and the contentions under review grow out of the following state of facts: J. W. and W. R. McNeal, hereinafter referred to as McNeal Bros., were indebted to appellant upon open account in the sum of $8,523.47. This indebtedness had no relation to the building contract later referred to. Appellee Beck was a contractor in the building of a certain building in Dallas, known as the Athletic Club building, and sublet part of the work to McNeal Bros. The contract between Beck and McNeal Bros. contained the following provisions:

"Eleventh. The subcontractor shall not allow any mechanic's lien or claim, or any lien of any kind, for material furnished or work performed, to accrue against the improvements herein provided for, and he agrees to pay for and satisfy as they mature each and every claim incurred by him for material and labor of said work, and he hereby agrees to indemnify the contractor against and hold it harmless for any such liens and demands, from all liability and claim therefor and from all consequent costs and expenses, and the subcontractor further agrees that upon payment of every sum of money whomsoever due for materials or labor used in the work, he will take receipts, releases and acquittances therefor and file same with the contractor on the final completion of the work if called upon to do so by the contractor. If at any time there should be any evidence of any lien or claim of which, if established, the contractor might become liable, or which may before enforceable against the improvements or the grounds on which the same is to be erected, the owners shall have the right to retain out of any money then due, or which may become due, an amount sufficient to pay and discharge the said claim. Should there prove to be any such claim after all payments are made, the subcontractor shall refund the contractor all money that the contractor may be compelled to pay in discharging any lien on said premises resulting from obligations or act of the subcontractor."

McNeal Bros., in the prosecution of their subcontract, incurred debts to various materialmen and laborers. Suit was brought by the appellant against McNeal Bros. and garnishment sued out against the appellee Beck. Beck answered substantially that McNeal Bros. had contracted for labor and material under their contract, amounting to the sum of $9,413.75, but that various materialmen and laborers had not been paid and that McNeal Bros. were due said laborers and materialmen sums in excess of the amount which the garnishee owed for the performance of said subcontract by McNeal Bros., and impleaded the various materialmen and laborers, and that appellant was not entitled to recover by reason of its garnishment.

The appellant filed what is termed a controverting affidavit in which a denial was made on information and belief that the amount due said materialmen and laborers exceeded the sum McNeal Bros. had earned under their subcontract. Before judgment was entered in the main suit between appellant and McNeal Bros. the garnishment suit was called and tried. Appellant objected to a trial of the garnishment prior to the trial of the main suit, but these objections were

⟨⟨⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

overruled. Upon a trial of the garnishment suit, which was before the court without a jury, judgment was entered in favor of the various subcontractors and materialmen impleaded by appellee Beck, for a pro rata distribution of the amount admitted by the garnishee to be due, and this action is the subject of this appeal. Findings of fact and conclusions of law were filed, which are admittedly sufficient to sustain the trial court's judgment as to the respective rights of the parties, with the following exceptions: It is contended by appellant that the paragraph of the contract above set out does not vest in the materialmen and laborers under McNeal Bros.' subcontract with any sort of priority or right as against appellant's claim to have the funds in the hands of the garnishee applied to the payment of its debt, and that the court's findings of fact do not show that the materialmen and laborers under McNeal Bros.' subcontract had ever filed their liens for record. The appellees differ in their construction of the court's findings of fact relating to the fixing of the lien claimed by the appellee, materialmen and laborers. Appellee Sherwin-Williams Company, one of the materialmen, contends that the findings of the court show clearly that said liens were filed. Appellee Campbell Paint & Varnish Company takes the opposite view and is supported in this by appellee Beck, the garnishee. The findings thus the subject of controversy are as follows:

"The court finds that the above named materialmen and laborers furnished such material and performed such labor on said building under proper contracts and agreements with McNeal Bros., subcontractors, on said building, and that such claims and amounts due them were duly and properly presented and established as materialmen and labor liens against such building to the extent of the amount of money held by the garnishee, for distribution. That the defendant interveners above named are lien creditors, owning and holding proper materialmen and labor liens against the Dallas Athletic Club building and against the funds in the hands of the garnishee herein to the extent of the amount of money so held by said garnishee."

[1-3] No statement of facts accompanies the record, and it is believed that the court's findings of fact, together with his conclusions of law, will support the contention that the court did find that the materialmen and laborers filed their claims within the time as provided by statute. It is, however, shown by the court's findings of fact that the time within which to file such liens had not expired at the time of the trial of the garnishment suit. We have concluded to rest the decision upon other grounds than a determination of whether the court's findings support the conclusion that the liens were filed. If the liens referred to had been filed at the time of the trial, the judgment adjudging the rights of the materialmen and laborers superior to

that of the plaintiff in garnishment is undoubtedly correct. It is true that the garnishment was served before notice was given to the garnishee by materialmen and laborers; but they had 90 days in which to fix their liens and impound the amount due, and their right to do so could not be precluded by a garnishment served before the time given them by law had expired. The amount of the claims proved exceeded the amount held by the garnishee. It has been many times decided that the plaintiff in garnishment acquires no greater right by the service of his writ than that which the defendant could have asserted and enforced in an action against the garnishee, and, further, that a writ of garnishment does not reach a liability under a contract which has not accrued at the time of the answer of the garnishee. Mensing v. Engelke, 67 Tex. 532, 4 S. W. 202; Medley v. American Radiator Co., 27 Tex. Civ. App. 384, 66 S. W. 86; Moore et al. v. U. S. Fidelity & Guaranty Co., 52 Tex. Civ. App. 286, 113 S. W. 947; McClellan v. Routh, 15 Tex. Civ. App. 344, 39 S. W. 607; Shropshire v. Alvarado Bank (Tex. Civ. App.) 196 S. W. 977.

[4] It has also been held that a liability of a garnishee accruing after answer filed is not subject to the writ of garnishment. Planters' & Mechanics' Bank v. Floeck, 17 Tex. Civ. App. 418, 43 S. W. 589.

[5] It is true, if liability has been incurred by the garnishee the fact that the debt is not due when the answer is filed will not relieve the garnishee, but if at the date of the filing of the answer the liability of the garnishee was contingent or uncertain, the garnishee is not liable.

[6] The application of these rules to the facts shown clearly present, it is believed, a case where the amount owing by Beck was not subject to garnishment for appellant's debt against McNeal Bros.

[7] It is contended by appellant that reversible error was committed by the court in proceeding to trial in the garnishment suit prior to judgment in the main suit. This was, of course, an erroneous procedure. No judgment can be entered against the garnishee until there is judgment for the plaintiff in the main suit. First Nat. Bank of Marshall v. Alexander (Tex. Civ. App.) 236 S. W. 229, and authorities there cited.

[8, 9] If, upon the trial of the garnishment suit, the appellant had shown its right to recover, no judgment could have been entered in its favor, and consequently a suit should not be tried until the parties before the court are in such position that if the plaintiff proves his right to a judgment one can be entered in his favor, but the record in this case does not present reversible error. If a reversal should be ordered here and after judgment in the main suit the garnishment should be again tried, it would be the duty of the trial court to render judgment in favor of the garnishee

and against appellant. The rule is well settled that, even though an error has been committed by the trial court, a reversal will not be had if it conclusively appears that the complaining party cannot obtain any relief by a second trial. Newton v. Emerson et al., 66 Tex. 147, 18 S. W. 348.

For the reasons stated, the judgment of the trial court is affirmed.