R. Otis LaGRONE et ux., Appellants,

v.

WESCO–WAMIX, INC., et al., Appellees.

No. 16953.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 4, 1968.

Rehearing Denied Nov. 8, 1968.

Burnett, Hines, Collins & Lair, and Norman P. Hines, Jr., Dallas, for appellants.

Wilbur T. Knape, Dallas, for appellee, Nu-Way Transports, Inc.

W. B. Woodruff, Jr., Decatur, Carrington, Johnson & Stephens, and Fletcher L.

Yarbrough, Dallas, for appellee, Wesco-Wamix, Inc.

## OPINION

MASSEY, Chief Justice.

The appeal is from a summary judgment granted upon motion of a party in position of defendant.

Reversed.

The nature of the case as initially brought in the trial court was one of garnishment, Wesco-Wamix, Incorporated, being the garnishee. A default judgment was first granted, then set aside following a hearing of the motion for new trial filed by garnishee. Nu-Way Transports, Incorporated, intervened. There is an admitted indebtedness owing by the garnishee to Nu-Way. It was the indebtedness so owing which was the subject of garnishment by appellants R. Otis LaGrone and wife. Nu-Way asserted that the appellants had no rights in and to such admitted indebtedness.

Assuming the default judgment to have been properly set aside Wesco-Wamix would be in the position of stakeholder of the garnished funds. The material dispute was between appellants and Nu-Way. Appellants asserted that Nu-Way was the *alter ego,* in whole or in part, of one G. W. Smith, against whom they had obtained a final judgment for damages, and/or that all or some of the indebtness owing by Wesco-Wamix was the property of G. W. Smith. Their theory and claim was that the corporation, Nu-Way Transports, Incorporated, was a fictitious shield and device designed to conceal such fact. (In this simplification we have pierced the pleadings to establish the actual controversy as is proper in a test of the propriety of a summary judgment.)

Nu-Way moved for and obtained a summary judgment as applied to appellants' claim.

█ We overrule appellants' contentions that the default judgment in garnishment was improperly set aside and a new trial granted the garnishee. The motion for new trial was timely filed and acted upon by the trial court pursuant to its jurisdiction. There being no special statutory provisions providing therefor as applied to the circumstances and nature of the case no appeal would lie from the action of the court in granting the new trial. 41 Tex.Jur.2d, p. 28, "New Trial", Sec. 2, "Power of court to order new trial".

We sustain appellants' points of error complaining of the summary judgment. Under the theory of appellants' case, as the issues were or could have been framed before the trial court, they were in the position of plaintiffs as against Nu-Way Transports, Incorporated. They sought relief by way of a finding and declaration of the court that Nu-Way was in whole or in part the *alter ego* of G. W. Smith. Objective of appellants, upon a trial on the merits, was to establish that the indebtedness admittedly owing by Wesco-Wamix, Incorporated, or at least a part thereof, belonged to G. W. Smith, judgment debtor.

█ The motion for summary judgment should be considered as having been by a defendant against the claim of a plaintiff. Texas Rules of Civil Procedure, rule 166-A, "Summary Judgment". It was therefore the burden of Nu-Way Transports, Incorporated, to assume and discharge the negative burden of showing as a matter of law that the appellants had no cause of action against it; i. e., (as applied to the circumstances of the case), it was obliged to discharge the burden of proof to show that appellants could not produce evidence to make out a prima facie case on the facts establishing their claim that all or part of the amount admittedly owing by Wesco-Wamix, to Nu-Way is actually owing to G. W. Smith. McDonald, Texas Civil Practice, Vol. 4, "Judgments", Sec. 17.26.1, "(New) —B. When Summary Judgment Proper".

Our holding is that Nu-Way Transports, Incorporated, failed to discharge the afore-

mentioned negative burden and therefore was not entitled to summary judgment. Established in depositions before the court was the fact that G. W. Smith's young son, Kenneth Smith, was and had been from the time Nu-Way was incorporated the owner of 100% of its corporate stock. Further, that G. W Smith usually functioned as an employee, and had to that extent been interested in the welfare and prosperity of Nu-Way. The corporation was formed and began operations (formerly conducted by G. W. Smith as his individual business) at or immediately subsequent to the time of the litigation which culminated in appellants' judgment against Smith. Incident to Nu-Way's operations was the use of a Railroad Commission Permit belonging to G. W. Smith at an annual consideration to Smith of $50.00. At least some of the time-honored "badges of fraud" are existent. 26 Tex.Jur.2d, p. 333, et seq., Sec. 16, et seq., under C, "Badges of Fraud".

Deposition testimony from Kenneth Smith, the son, Mrs. Jane Smith, the wife, and G. W. Smith, is to the effect that there was no justification for appellant's belief that there was fraudulent concealment existent and intended to prevent the satisfaction of their judgment. However, we are of the opinion that the credibility of all three persons must be considered as involved and in issue due to the relationship of the parties, and interests otherwise existent and proper to be considered as adverse to appellants.

Furthermore, it is observed in the deposition of Kenneth Smith that upon instruction of counsel he refused to answer many of the questions sought to be put by appellants' counsel or to reveal the state of the records of Nu-Way Transports, Incorporated, of which he is president and sole record stockholder. We believe that the inquiry sought to be made was proper. Nu-Way and Smith thus blocked the attempt of appellants to develop proof for possible introduction upon a trial on the merits. The condition of the deposition was not corrected prior to time of the mo-

tion for summary judgment. We consider this an additional reason why it should not have been granted, no other part of the record presented to us obviating the possible prejudice thereby accruing to appellants' case.

Reversed.