**INTERCONTINENTAL TERMINALS COMPANY, Appellant,**

v.

**HOLLYWOOD MARINE, INC., Appellee.**

**No. 01–81–0726–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1982.

Bonham, Carrington & Fox, Jacalyn D. Scott and Mary Lee Brown, Houston, for appellant.

Woodard, Hall & Primm, Darryl W. Malone, Houston, for appellee.

Before EVANS, C. J., and STILLEY and DOYLE, JJ.

DOYLE, Justice.

This is an appeal from a summary judgment entered in favor of Hollywood Marine, Inc., (intervenor) in a garnishment proceeding.

Intercontinental Terminals Company, (garnishor) brought this suit on sworn account against Waste System Inc., (debtor) and applied for writ of garnishment against Mobil Oil Corporation (garnishee). In its application, the garnishor alleged that its claim against the debtor was liquidated; that the debtor had no property in its possession within the State and subject to execution which would be sufficient to satisfy the claim; that the debtor was a shell corporation with no assets of any value; and that it had reason to believe that the garnishee had in its possession funds that were due and owing to the debtor. A writ of garnishment was issued and served on February 19, 1980, and the garnishee promptly filed its original answer, stating, under oath, that on the date it was served, it was indebted to the debtor in the amount of $128,828.28 for services rendered. Subsequently, on May 29, 1980, the appellee, Hollywood Marine, Inc. filed its petition in intervention, alleging that a portion of said sum of $128,828.28 included an amount owed by the garnishee to the intervenor for towing services. On June 2, 1981, the garnishor and the debtor filed an agreed judgment for the amount of $165,000.00, plus costs and attorney's fee, directing the garnishee to pay the garnishor the full amount of $128,828.28, acknowledged by the garnishee as being the amount it owed to the debtor. The trial court signed this agreed judgment on June 5, 1980, and on that same date, the garnishor moved to strike the petition in intervention, alleging that the intervenor had failed to allege any legal or equitable interest in the funds owed by the garnishee to the debtor. The garnishor also moved for summary judgment against the garnishee, setting up its agreed judgment against the debtor, the garnishee's judicial admission that it owed the debtor the sum of $128,828.28, and alleging that it was entitled to judgment upon its writ of garnishment pursuant to the provisions of Tex.R. Civ.P. 668. On July 10, 1980, the garnishee filed an amended answer and an interpleader cross action, alleging that both the debtor and the intervenor had rendered bills for the towing charges; that at the time it filed its original answer it had assumed that the $56,115 or towing charge was owed to the debtor because it "had never entered into a contract with (the intervenor) for transportation...''; that it believed that payment to the intervenor was to be made through the debtor; and that on June 10, 1980, (which was five days after the garnishee had moved for summary judgment) it had received from the debtor a "Release and Disclaimer", directing that it pay the intervenor the sum of $56,111.00; and, therefore, that it actually owed the debtor only $72,713.28 at the time it was served with the writ of garnishment. The garnishor then filed a motion to strike the garnishee's amended answer and interpleader, alleging that such pleadings were based upon matters occurring some three months after the filing of its writ of garnishment. On August 12, 1980, the trial court granted partial summary judgment in favor of the garnishor for the sum of $72,713.28, and on April 6, 1981, the intervenor filed a motion for summary judgment for the amount of its claim. The trial court granted intervenor's motion, and it is from this judgment that the garnishor appeals.

In its first two points of error the garnishor contends that the trial court erred in refusing to grant its motion for summary judgment in the full amount of $128,828.28 and in granting the intervenor's judgment for the amount of $56,115.00 representing its claim for towing charges. It is the garnishor's position that it is entitled, as a

matter of law, to judgment for the full amount of its claim.

 Once a writ of garnishment has been served, a debtor may not by assignment or otherwise dispose of the funds in the hands of the garnishee. *Gause v. Cone*, 73 Tex. 239, 11 S.W. 162, 163 (1889); *Cooper v. Cocke*, 145 S.W.2d 275 (Tex.Civ.App.— Amarillo 1940, no writ). It has been held that such funds are held by the garnishee as an officer or receiver for the court. *Moore and Bridgeman v. U. S. Fidelity & Guaranty Company*, 52 Tex.Civ.App. 286, 113 S.W. 947 (1908, writ ref'd).

It is accordingly the position of the garnishor that after service of its writ of garnishment, neither the debtor or the garnishee could make any disposition of the garnished funds in favor of a third party and that the trial court erred in awarding the intervenor a portion of the garnished funds.

 The first two points of error are overruled. The garnishee was entitled to amend its answer to reflect the true amount of its obligation to the debtor, provided that it did so in good faith and in accordance with applicable procedural rules. The record does not reflect that the trial court abused its discretion in overruling the garnishor's motions to strike the garnishee's amended answer or in denying the garnishor's challenges to the intervention and the interpleader. As a result of the filing of the amended answer, the intervention, and the interpleader, a new issue was raised in the case, i.e., whether the garnishee was indebted to the debtor in the full amount of $128,828.28, as it had admitted in its original answer.

 In its third point of error the garnishor contends that the trial court erred in granting the intervenor's motion for summary judgment because material issues of fact were shown to exist regarding the amount of money owed by the garnishee to the debtor on the date of service of the writ of garnishment and as to whether the intervenor was entitled to recover any part of the funds secured by the garnishment writ. This point of error is sustained.

The summary judgment proof shows that the garnishee was billed by the debtor and also by the intervenor for the towing services allegedly rendered by the intervenor and that an unresolved fact issue exists as to whether the garnishee contractually agreed to pay the intervenor for its towing charges or whether the intervenor's contract, if any, was with the debtor. Thus, the intervenor failed to meet its burden of showing, as a matter of law, that the garnishor could not upon a trial on the merits establish the validity of its claim for the full amount of the garnished fund, and the trial court erred in granting a summary judgment for the intervenor. *Lagrone v. Wesco-Wamix, Inc.*, 433 S.W.2d 525 (Tex. Civ.App.—Fort Worth 1968, writ ref'd n. r. e.).

The trial court's summary judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.