ROBERTSON TRUCK LINES, INC., et al., Appellants,

v.

Fred E. HOGDEN, Appellee.

No. 7374.

Court of Civil Appeals of Texas, Beaumont.

Nov. 9, 1972.

Rehearing Denied Nov. 30, 1972.

Benckenstein & Norvell, Beaumont, for appellants.

Stephenson & Thompson, Orange, for appellee.

DIES, Chief Justice.

This is an appeal from an order overruling a plea of privilege. The basis of the appeal is that plaintiff (appellee) failed to prove venue in Orange County because there was no evidence considered by the trial court. Depositions had been taken prior to the hearing, but there was no formal offer of them in evidence which is the basis of this appeal.

The transcript shows plaintiff's original petition named Robertson Truck Lines, Inc., as defendant. Plaintiff's First Amended Original Petition filed in the same suit, under the same number, named both Robertson Truck Lines, Inc., and Robertson Tank Lines, Inc., as defendants. Both were shown to be Texas corporations with the same person named as agent for service at the same address. Each petition alleged the same cause of action, with only minor variations. The plea of privilege for Robertson Tank Lines, Inc., is signed by Lipscomb Norvell. This is the same attorney who took the depositions which are mentioned hereafter.

The statement of facts reveals the following exchange by Mr. Stephenson (appellee's attorney), the Court, and Mr. Norvell (appellants' attorney):

"MR. STEPHENSON: Your Honor, what this hearing is about, you may recall that we have this action, Fred Hogden versus Robertson Truck Lines which is pending in which we had a previous Plea of Privilege hearing. At that time it was decided to submit the matter to Your Honor on depositions because all the parties had been deposed, the truck driver and both drivers of the automobiles and so on. Following Mr. Norvell's statements at the last hearing that the Robertson Tank Lines, Inc. was the proper

party Defendant, we amended our Petition and have brought this action now against both the Robertson Truck Lines and Robertson Tank Lines. Mr. Norvell, upon receiving a copy of this Amended Petition, has filed another Plea of Privilege on behalf of Robertson Tank Lines to have the action moved as to it to Houston, the same location as he requested that the Robertson Truck Lines action be transferred to Houston.

"We filed Controverting Plea, setting out the same matters, in general, that we had in the other Truck Lines Controverting Plea of Privilege, and would like to suggest to the Court that this matter can be considered on the written depositions which are filed here in Court.

"THE COURT: Mr. Norvell, do you have anything?

"MR. NORVELL: We already have one record on this, Your Honor. Of course, again, I would like to say if this is going to be submitted on written deposition, of course it is the Plaintiff's right to do so, and if you want me to respond on what my argument is about the case, I would be happy to.

"THE COURT: I don't think there is any necessity. If I can state it correctly, Mr. Stephenson first sued the Truck Line—

"MR. STEPHENSON: Yes, sir.

"THE COURT: —and then it was indicated in the deposition that the employee, or the driver, the truck driver, was an employee of the Tank Lines. Now he has sued the Tank Lines.

"MR. NORVELL: Yes, sir.

"THE COURT: And you have filed a Plea of Privilege on that. Is that the way we stand?

"MR. NORVELL: Yes, sir, that is correct.

"THE COURT: I think I indicated that I wanted some law from Mr. Stephenson and from you on this matter. Do you have new depositions that you have taken, Mr. Stephenson, or the same ones?

"MR. STEPHENSON: No, the same ones, Your Honor.

"THE COURT: The same ones. Have you got any briefs you want to file on this?

"MR. STEPHENSON: Not at this time, Your Honor.

"THE COURT: *All right, I will read the depositions, then, and advise you by letter of my decision.*" (emphasis supplied)

Appellant made no objection to this procedure, nor to the consideration by the court of these depositions.

 Depositions, like all evidence, must be offered in evidence. See 1 McCormick and Ray, Texas Law of Evidence § 21 (2d ed. 1956). There are no magic or exclusive words to be used. The court here clearly announced his intention to read the depositions on file. Appellant's attorney made no objection and cannot now be heard for the first time objecting to the manner of introduction. See 1 Texas Law of Evidence § 23, supra. Appellant does not here contend that the contents of the depositions fail to establish venue in Orange County.

The order overruling the plea of privilege is affirmed.

KEITH, Justice (dissenting).

I respectfully dissent. Appellant is before this court with five points of error which are summarized in the margin.[1] Not

---

1. (1) Appellee failed to prove a cause of action within the statutory exceptions to Art. 1995. There was no evidence to support venue under: (2) Subdiv. 9a; (3) Subdiv. 29a; (4) Subdiv. 23; and (5) there was no evidence introduced or offered by appellee on the hearing on the plea of privilege.

one of these points is even mentioned in the majority opinion and it makes no disposition of any point, either affirmatively or negatively. I also note that in the reply brief, appellee has no counterpoint. In order to bring my comments into proper focus, I must enlarge the factual statement as shown by the remainder of our present "record."

Plaintiff brought suit for damages arising out of a three-car collision, naming as defendants Robertson *Truck* Line, Inc., and one Eddie Green, the operator of the third vehicle.[2] This suit was filed September 24, 1970. Thereafter, three depositions were taken in this suit in which Hogden, *Truck* Lines, and Green were the only parties, the names and dates being given in this table:

| Witness | Deposition taken | Deposition filed |
|---------|-----------------|------------------|
| Hogden | October 28, 1970 | January 22, 1971 |
| Hare (truck driver) | April 14, 1971 | April 27, 1971 |
| Green | January 6, 1972 | January 31, 1972 |

Thereafter, and on March 7, 1972, the plaintiff filed his first amended original petition wherein he named as parties defendant the following: Robertson *Truck* Lines, Inc., Robertson *Tank* Lines, Inc., and Eddie L. Green. J. N. Hare was alleged to have been the agent, servant and employee of *Truck* Lines or *Tank* Lines, "or either of them" at the time of the accident, but he was not named as a party defendant. An examination of the two petitions shows clearly that only one accident was involved, it occurring on April 11, 1969.

*Tank* Lines filed its plea of privilege to be sued in Harris County, Texas, on March 23, 1972, it being in regular form. The plea was controverted by plaintiff, his controverting affidavit having been filed on March 27, 1972. At the hearing held on April 14, 1972, the events occurred which are set out in the majority opinion. On May 3, 1972 (by an order entered on May 4), the trial court overruled the plea of privilege filed by *Tank* Lines and it gave the notice of appeal in the body of the order.

*Tank* Lines' appeal bond was filed and approved on May 5, 1972, and the record filed in this court on May 17, 1972. At the time of the filing of the record in this court, no depositions were included.

In the preface to the statement of facts which we have in our record, the court reporter noted that the plea of privilege having come on for hearing, "whereupon the following proceedings were had and the following evidence admitted: [here follows the resume found in the majority opinion]." This statement of facts also contains an agreement that it constitutes "a full, true and correct transcript of *all the testimony* and proceedings had, and *all documentary evidence introduced* during the Plea of Privilege Hearing of Robertson Tank Lines, Inc." This agreement is signed by all counsel of record and is followed by an approval of the trial judge wherein he certifies that the same is a "true, correct and *complete* Statement of Facts of said Hearing, and of all proceedings had in said hearing."

On May 18, 1972, without leave of this court and apparently without notice to the appellant, appellee filed herein a supplemental transcript containing his ex parte motion to the trial court to include in our record the original depositions of Messrs. Hogden, Hare, and Green, previously mentioned. The trial court, in this ex parte proceeding, granted the motion and the original depositions were tendered to our clerk for filing and were filed on May 18, 1972.

Obviously, these depositions so thrust into our record constituted no part of the statement of facts as defined in Rule 377. We already had a statement of facts approved by all of the participants, which affirmatively disclosed that such depositions were not a part of the statement of facts. It has been said that a "statement of facts . . . signed and certified to by the trial judge . . . imports absolute verity, and must be accepted by this court as such."

---

2. All emphasis has been supplied unless otherwise indicated.

Barker v. Wilson, 205 S.W. 543, 544 (Tex. Civ.App., Austin, 1918, no writ).

In Holder v. Scott, 396 S.W.2d 906, 910 (Tex.Civ.App., Texarkana, 1965, error ref. n. r. e.), the court refused to consider a certificate filed by the trial judge. The court noted that the statement of facts on file contained a certificate of the court reporter, the approval of both lawyers, and a certificate by the district judge. Under these circumstances, the court said: "This court is without jurisdiction to go behind the statement of facts." Yet, to sustain the judgment of the trial court in this instance, we must consider the deposition evidence. If it is not properly in our record, there is literally no evidence to support the judgment.

Although it is crystal clear that the depositions were never "read" into evidence and form no part of our statement of facts, I am willing to concede that it may be a fair construction of the remarks of the participants, as set out in the majority opinion, that the trial court *considered* the depositions; but that is not the point of this dissent.

The District Court of Orange County is a court of record and was considering a matter of which this court has jurisdiction of the interlocutory appeal. The orderly processes of the administration of justice demand some modicum of conformity to the rules of procedure in order that our appellate duties may be discharged in accordance with the applicable law. One of these elementary rules is that only evidence offered upon the hearing may be considered by the trial court. More than a hundred years ago, our Supreme Court said: "A judgment in a court of record, must be founded on sufficient facts, *legally ascertained*." McConkey v. Henderson, 24 Tex. 212, 214 (1859).

No one disputes the fact that it is error for a trial court to enter judgment without hearing any evidence upon which to base the same. Duke v. Gilbreath, 10 S.W.2d 412, 414 (Tex.Civ.App., Eastland, 1928, error ref.). Or, as was said in Hardin v. Eubank, 245 S.W.2d 554, 556 (Tex.Civ.App., Fort Worth, 1952, no writ): "It is fundamental that the judgment of the court must find support in the evidence." See also, Denton County Electric Co-op., Inc. v. Burkholder, 354 S.W.2d 639, 644 (Tex.Civ. App., Fort Worth, 1962, error ref. n. r. e.).

I do not find that the plaintiff below offered *any* evidence upon the hearing, even though I am willing to concede that the trial court "read" and considered the depositions of Messrs. Hogden, Hare, and Green, mentioned earlier. Under Rule 213, "Depositions may be *read* in evidence upon *the trial of any suit in which they are taken . . .*" I note, preliminarily, that these depositions were not "read" in evidence, although I make no particular point thereof. More importantly, they were never even *offered* in evidence. Apparently they were lying around among the papers and the trial judge picked them up and read them. But it is clear, beyond peradventure of a doubt, that they were never physically tendered or "read" into evidence. Until such was done, appellant (as defendant below) was under no obligation to object to their consideration by the judge. They were not evidence in the case. As Dean McCormick observes upon this very fundamental point, "The objection must be made as soon as the ground of objection becomes apparent. As to evidence taken at the trial this will usually be when the evidence is offered." 1 McCormick & Ray, Texas Law of Evidence, § 23 (2d ed. 1956).

The depositions which the trial court "read," and which it is now contended form the basis of the affirmation of the judgment, were not taken in a case in which Robertson *Tank* Lines, Inc. was a party. The prior statute [Art. 3766, R.C.S.] contained similar language to that in the present rule and the language "any suit in which they are taken" has been held to be "so plain that there is no room for construction, and clearly limit the use of depositions" to such a suit. Peoples Nat. Bank v. Mulkey, 94 Tex. 395, 60 S.W. 753, 754 (1901). See also, Caddell v. Lufkin Land & Lumber Co.,

255 S.W. 397, 401 (Tex.Comm.App., 1923, jdgmt. adopted).

In a case having considerable similarity to the case at bar, McMurrey Corporation v. Yawn, 143 S.W.2d 664, 668 (Tex.Civ.App., Texarkana, 1940, error ref.), although the suit was "between practically the same parties and involving the same subject matter", it was held that the suit then on trial was "a different cause within the meaning of Article 3766, R.C.S., and the depositions . . . taken in [the earlier case] were improperly admitted in evidence." Cf. Flanigan v. Texas & Pacific Railway Company, 273 S.W.2d 110, 114 (Tex.Civ.App., El Paso, 1954, error ref. n. r. e.).

Plaintiff below, relying upon subdivisions 9a, 29a, and 23, Art. 1995, V.A.C.S., had the burden of offering competent evidence upon the hearing of the plea of privilege to maintain venue. As to subdivision 9a, he was required to prove that it was the negligence of *Tank* Lines which proximately caused the injuries. Sharp v. Salazar, 398 S.W.2d 444, 446 (Tex.Civ.App., Beaumont, no writ); Calhoun v. Padgett, 409 S.W.2d 890, 891 (Tex.Civ.App., Tyler, 1966, no writ), and cases therein cited.

1 McDonald, Texas Civil Practice, § 4.36 (1965 Rev.Vol.), sets out with remarkable clarity, the plaintiff's burden when he is relying upon subdivision 29a. The requirement of competent evidence is a sine qua non for maintenance of venue.

As for reliance upon subdivision 23, it is clear that the plaintiff must establish a cause of action at the venue hearing. Again, *McDonald*, supra, § 4.30.2 at 518, cites many cases so holding.

Thus, in conclusion, it appears that while the trial court may have "read" depositions in a suit in which *Truck* Lines, plaintiff and Green were parties, he did not consider any depositions taken in a suit in which *Tank* Lines was a party. Thus, plaintiff not having offered any competent evidence, defendant was not under any obligation to object thereto. So we must, I submit, con-

sider the case as one in which no competent evidence was offered. Under these circumstances, the trial court erred in overruling the plea of privilege.

Recently, at a session of the Judicial Section of the State Bar of Texas, Chief Justice Claude Williams of the Dallas Court of Civil Appeals, addressing the trial judges of Texas, made some cogent remarks which deserve wider dissemination. Chief Justice Williams said, in part:

> "We have occasion to review many interlocutory judgments in which the trial court overrules pleas of privilege. In too many of these cases it appears that the trial court has not given the serious care and attention to the case which it deserves. Too often the plaintiff presents his controverting proof without attention to either the law or the facts and too often the trial judge simply overrules the plea without a study of the record. As long as this interlocutory appeal is a part of our practice the trial bench should recognize that it is a serious question for consideration and is not something to be determined during the noon hour when the jury is deliberating on another case. The trial court should look upon a hearing on a plea of privilege as another important phase in the trial of a lawsuit. It is important, for upon appeal the ruling is subject to detailed study and not many venue appeals give us the opportunity to invoke Rule 434, T.R.C.P."

I subscribe to this forceful statement from one of the outstanding appellate judges of our state. What Chief Justice Williams said to the trial judges applies with even greater potency to trial lawyers appearing on behalf of plaintiffs at the venue hearing.

There being no competent evidence in the record supporting the trial court's order overruling the plea of privilege, I would reverse the judgment. In the interest of justice, I would—in this isolated case—remand the cause for another hearing. Cf. Scott v. Liebman, 404 S.W.2d 288, 294 (Tex.1966); Texas Sling Company v. Emanuel, 431 S.W.2d 538, 541 (Tex.1968).