**AETNA FINANCE COMPANY, Appellant,**

**v.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

**No. 13197.**

Court of Civil Appeals of Texas, Austin.

Oct. 29, 1980.

Rehearing Denied Nov. 19, 1980.

---

John B. Meadows, Austin, for appellant.

Dennis Reese, Small, Craig & Werkenthin, Austin, for appellee.

PHILLIPS, Chief Justice.

The question for decision is whether a judgment creditor, appellant Aetna Finance

Company, can satisfy an unpaid judgment by garnishing the reserve fund for taxes and insurance created by a real estate lien note and deed of trust executed between judgment debtor Williams and garnishee (appellee) First Federal Savings and Loan Association. Aetna filed an application for writ of garnishment seeking to levy upon the reserve fund held by First Federal.

The trial court denied the application for writ of garnishment and we affirm the judgment.

The court found, as fact, that Williams was indebted to First Federal under the terms of a real estate mortgage note and deed of trust both dated March 30, 1973; that pursuant to these documents, Williams was required to pay, and did pay, to First Federal monthly installments to create a reserve fund to be held by First Federal to pay, when due, all taxes and assessments levied against the property conveyed by the deed of trust and all premiums on policies of insurance covering such property. The court also found that this reserve fund was held by First Federal in a general reserve account, in which the funds of all loan customers were commingled; that no interest was paid by First Federal to Williams on any funds in the reserve fund; that at no time relevant to this suit would First Federal have refunded to Williams any portion of the reserve fund, even upon his request; that the reserve fund was part of the indebtedness created by the note and deed of trust under the terms of which First Federal was the creditor and Williams was the debtor; that the reserve fund was intended by First Federal and Williams as a contractual security device, to provide additional protection to the rights of First Federal as created under the note and deed of trust.

Aetna contends that the payments made into First Federal's reserve account are not payments on the indebtedness owed it by the judgment debtor, Williams, but are simply bailments of the judgment debtor's property which are then held in trust by First Federal and thus subject to garnishment. Consequently, the garnishment pro-

ceeding was the correct procedure to satisfy a judgment previously obtained by Aetna against Williams for $731.27 plus interest which judgment is final, valid, subsisting and still totally unsatisfied.

Aetna further contends that the language concerning the reserve fund in the deed of trust before us refers to "... a reserve fund to be *held* by Beneficiary ... to pay when due all taxes ..." and, "a reserve fund to be *held* by Beneficiary to pay, when due, premiums ..." (Emphasis added).

Aetna also contends that the use of the word "held" indicates that First Federal does not own the fund but is merely requiring the grantor to set aside funds to insure that the taxes and premiums are paid, a benefit which ultimately accrues to the grantor.

Aetna further contends that the language in the deed of trust which states "... any balance *held* by Beneficiary as a tax and insurance reserve ..." (emphasis added) contemplates the sale of the real property, and the agreement of the parties as to the destiny of the fund should a sale take place. Should the grantor (Williams) elect to pay off the indebtedness in full, then the money in the fund "... shall be credited against the amount required to pay the indebtedness in full." Aetna argues that Williams' money will be used to offset Williams' debt. Thus, no benefit of ownership accrues to First Federal. The second provision, which contemplates other sales, presumably as in the case of default, beneficiary First Federal "... may apply the balance held as a tax and insurance reserve to the indebtedness prior to sale." Again, contends Aetna, Williams' money will be applied to Williams' debt.

Thus, according to Aetna, the language of the controlling instrument discloses that the reserve fund is only held, not owned, by First Federal. Although Williams has no right to withdraw the money from the custody of First Federal under the contract, the absence of this right does not preclude the fact that First Federal is holding Williams' funds as a bailee.

Aetna finally contends that where bailment exists, Texas law provides that the property bailed may be garnished.[1]

We cannot agree with Aetna's contention. In the deed of trust discussed above, the parties thereto agreed that the annual tax and insurance payments are a part of the debt to be paid to First Federal, through the mechanism of monthly payments to the reserve fund, with First Federal then being contractually obligated to pay the taxes and insurance premiums when they come due. There is no provision for this money to be paid back to the borrower and any failure to make these payments constitutes a default under the provisions of the deed of trust just as a failure to make principal and interest payments. Thus, First Federal is not a bailee of Williams' funds as Williams is making irrevocable payments to discharge his debt directly owing First Federal according to the terms of the parties' contract. Williams no longer "owns" the money in question which ends up in the reserve account, nor can he insist that it be returned to him. At most, he has a contractual right to insist that First Federal perform its obligation to pay their annual charges on the property when they come due. He has no right to require that First Federal pay him any sum of money at all. The fact that the association will "hold" the monies is not persuasive one way or the other on the question of the "ownership" of the funds.

Aetna cites no case in which it has been held that a reserve account of a lender can be garnished by the borrower's judgment creditor.

In *Beggs v. Fite*, 106 S.W.2d 1039 (Tex. 1937), the Court held that a plaintiff in garnishment merely steps into the shoes of his debtor as against the garnishee, and may enforce, as against such garnishee whatever rights the debtor could have enforced had such debtor been suing the garnishee directly. Aetna can in no way stand in the shoes of the judgment debtor (Williams), as Williams could not have successfully sued First Federal for the money in the reserve fund.

The judgment of the trial court is in all things affirmed.

SMITH, J., not sitting.

---

1. Appellant cites *J.M. Guffey Petroleum Co. v. Nearn*, 100 S.W. 967 (Tex.Civ.App.–Beaumont 1907, no writ) where oil was the subject of the bailment.