**Bob BULLOCK, Comptroller of Public Accounts, Appellant,**

v.

**FOSTER CATHEAD COMPANY, d/b/a GH Foster, and Parkdale Bank, Appellees.**

No. 2264.

Court of Appeals of Texas, Corpus Christi.

March 18, 1982.

Gilbert J. Bernal, Sherrita D. Lee, Asst. Attys. Gen., Austin, for appellant.

William J. Tucker, Wood, Boykin & Wolter, Lee Casstevens, Wood & Burney, Corpus Christi, for appellees.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is a writ of garnishment proceeding brought by appellee Foster Cathead Company (Foster Cathead) against appellee Parkdale Bank (the Bank) to acquire funds held by the latter in the name of Dynamic Oilfield Maintenance Company, Inc. (Dynamic), a judgment debtor of Foster Cathead. Appellant Comptroller of Public Accounts intervened, asserting an interest in the funds sought to be garnished by way of a written assignment of the savings account in which the funds are maintained. In a trial to the court judgment was for Foster Cathead. We are of the opinion that reversal and rendition of that judgment are in order.

■ By instrument dated December 23, 1980, all right, title, claim and interest of whatever nature in the funds in the account in question in the amount of $1,975.00 were assigned to appellant by Dynamic as security for the issuance to Dynamic of a Limited Sales and Use Tax Permit, pursuant to Tex. Tax.-Gen.Ann. art. 20.021 (Vernon's Supp. 1981).[1] The assignment stated that it was

---

1. Repealed by Acts 1981, 67 Leg., p. 1785, ch. 389, § 39(a), effective January 1, 1982, the statute in effect at the time of trial read, in pertinent part:

    "(1) ... The Comptroller shall fix the amount of such bond or security in each case, taking into consideration the amount of money that has or is expected to become due from such person under this Chapter and under the Local Sales and Use Tax Act. The amount of the bond or security required by the Comptroller shall be such as will protect the State of Texas against failure to pay the amount which may become due from such person....

    (2) No sales tax permit shall be issued by the Comptroller on or after January 1, 1974, until the applicant provides the Comptroller with a

meant as security for tax liabilities, etc., "which may accrue."

The Uniform Commercial Code being inapplicable to security interests in deposit accounts, Tex.Bus. & Com.Code Ann. § 9.104(12), recourse must be had to common law security interest concepts. *Tigert Printing Co., Inc. v. Comptroller of Public Accounts for the State of Texas*, 648 F.2d 364, 365 (5th Cir. 1981). It is appellant's position that the assignment created a common law pledge running in his favor, and that such pledge served to defeat the rights in those funds of a judgment creditor. We agree.

■ A pledge is defined as a "transaction by which collateral security is delivered by the debtor and accepted by the creditor." *Smith v. Blancas*, 87 S.W.2d 781, 784 (Tex. Civ.App.—El Paso 1935, writ ref'd); *Central National Bank v. Latham & Co.*, 22 S.W.2d 765, 768 (Tex.Civ.App.—Waco 1929, writ ref'd). The elements of a common law pledge are (1) a pledgor and a pledgee, (2) a debt or obligation, and (3) a contract of pledge which consists of the following: (a) possession of the pledged property passing from the pledgor to the pledgee; (b) legal title of the pledged property remaining in the pledgor; (c) the pledgee having a lien upon the property for the payment of a debt; and (d) a right of redemption of the property in the pledgor. *McAllen State Bank v. Texas Bank & Trust Co.*, 433 S.W.2d 167, 171 (Tex.1968). "The character of the transaction between the parties is to be determined by their intention; it matters not what language was used or what the form of the transaction was; *if it was intended to secure the payment of money, it must be construed as a pledge.*" 51 Tex. Jur.2d *Secured Transactions*, § 40, p. 88 (emphasis supplied).

■ In reviewing the instrument of assignment before us in this case, we reach the conclusion that all of the elements of a common law pledge set forth in *McAllen State Bank v. Texas Bank & Trust Co.*,

supra, are extant. Appellant held the position of pledgee, and Dynamic the position of pledgor. While Dynamic was not indebted to appellant either at the time the assignment was given or at the time of trial, a pledge of property may be made to secure a debt to arise in the future without affecting its validity. See *Moore v. First National Bank of Abilene*, 345 F.2d 638, 639, 640 (5th Cir. 1965); *Burnett v. First National Bank of Waco*, 536 S.W.2d 600, 609 (Tex. Civ.App.—Eastland 1976, writ ref'd n.r.e.).

■ As regards the possession of the pledged property, we hold that the delivery of the assignment itself, in which it was provided that the "SECURITY is to be held by the financial institution [the Bank] identified herein for the sole use and subject to the exclusive control of the Comptroller, which SECURITY may be released only upon the Comptroller's written direction," combined with the receipt by the Bank of notice of same, is sufficient to constitute possession of the pledged property passing from the pledgor to the pledgee. "The general rule is that such delivery should be as complete as the nature of the article pledged will allow. Manual delivery . . . is not necessarily required, but in many such cases a constructive or symbolic delivery of such property [is] sufficient." *Central National Bank v. Latham & Co.*, supra, 22 S.W.2d at 768.

■ As previously noted, the instrument before us assigned "all right, title, claim and interest of whatever nature" in the account to the Comptroller. While it is required that the legal title in the pledged property remain in the pledgor, with the pledgee having a lien thereon, general title in pledged property remains in the former, notwithstanding an apparent transfer of legal title to the latter. *Congress Candy Co. v. Farmer*, 73 N.D. 174, 12 N.W.2d 796, 804 (1944); *Tracy v. Stock Assurance Bureau*, 132 Cal.App. 573, 23 P.2d 41, 43 (Cal.Ct.App. 1933). As stated in one treatise:

bond or security as described in Subsection 1 of this Paragraph. . . ." Art. 20.021(N)(1)      (2).

"Ordinarily a pledgee of personal property does not acquire the legal title thereto, but the pledge may by its terms vest title in the pledgee. The pledgee is presumed to hold the property pledged subject to the pledgor's title, and, as a general rule ... the pledgee has merely a special property or interest in the thing pledged during the continuance of the pledge, which vests in the pledgee the right to the property as far as is necessary to secure payment of the debt, and which entitles him to the possession and control of the property until his debt or obligation is paid or satisfied. ... In other words, the pledgee has a merely possessory right to, or lien on, the property until the object of the pledge is accomplished. He acquires no interest in the property except as security for his debt or obligation, and his actual interest is purely contingent in that it depends for effect on something that may or may not occur." 72 C.J.S. *Pledges*, § 23, p. 31–2.

Finally, as regards Dynamic's right of redemption, it was not expressly provided for in the assignment. It is, however, provided for in Article 20.021, supra, which is incorporated by reference into the instrument. Thus, all of the requisite elements of a common law pledge are present in the case before us.

■ Foster Cathead also asserts, without conceding the existence of a pledge, that the assignment is not properly in evidence. The record reflects the following exchange at trial:

"Ms. Lee [attorney for appellant]: I would like to offer to the Court as evidence a copy of the assignment for the security for sales and use tax. I think you have a copy.

Mr. Casstevens [attorney for the Bank]: I believe there is one attached to my answer that the Court has.

Court: Of the assignment, Mr. Casstevens?

Mr. Casstevens: Yes, Your Honor, to the defendant's answer to the garnishment.

Court: Okay.

Ms. Lee: And if the Court will look at the assignment, it says ... ." [Whereupon the instrument was read into the record in open court.]

No objection was made by Foster Cathead. A bit later in the proceedings, Counsel for Foster Cathead did state:

"[T]his assignment is not before the Court. The assignment is not evidence. It hasn't been offered and introduced in evidence."

This cannot be considered to be the timely, specific objection we require, but rather the statement of a legal conclusion.

All evidence must be offered to the Court as such, but there "are no magic or exclusive words to be used." *Robertson Truck Lines, Inc. v. Hogden*, 487 S.W.2d 401, 402 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). Here Counsel stated that she was offering the document into evidence, the document was identified for the court, the court responded in an apparently approving manner and allowed the reading of the assignment into the record. While a formal presentment and acceptance of this documentary exhibit would have been preferable, the record shows that it was in fact offered and received in evidence, precluding any complaint at this time that it was not in evidence. *Farrell v. Evans*, 517 S.W.2d 585, 587 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

■ To summarize, then, we hold that the assignment is properly before us, and that such constitutes a pledge, a security interest recognized at common law, in favor of appellant. Additionally, Foster Cathead, as garnishor, is subrogated to the rights of Dynamic, its judgment debtor, in the funds, and may enforce against the Bank, as garnishee, only such rights as Dynamic itself might have. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937); *Aetna Finance Co. v. First Federal Savings & Loan Ass'n*, 607 S.W.2d 312, 314 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Hillsdale Gravel Co. v. Dennehy Construction Co.*, 185 S.W.2d 583, 587 (Tex.Civ.App.—Eastland 1945, writ ref'd w.o.m.). Dynamic had only a right of redemption in the account when and if appellant released its lien thereon.

This writ of garnishment cannot stand. Appellant's first two points of error are sustained, and the judgment of the trial court insofar as it allowed Foster Cathead its writ of garnishment is reversed and rendered.

In his third and final point of error, appellant complains of that portion of the judgment awarding attorney's fees to the Bank over and against the State of Texas. Appellant's complaint here is twofold: (1) that appellant was not the proper party against whom to charge the garnishee's costs, and (2) that there is no evidence in the record regarding the reasonableness of the fees awarded. Being in agreement with appellant regarding this second contention we need not address the first.

There was absolutely no testimony given at trial concerning attorney's fees, as counsel for the Bank freely admitted at the hearing on the motion to enter judgment. The reasonableness of attorney's fees is a question of fact and must be supported by competent evidence. *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966). A court does not have authority to adjudicate the reasonableness of attorney's fees on judicial knowledge without the benefit of evidence. Id.; *Redisco, Inc. v. Laredo Mopac Employees Credit Union,* 516 S.W.2d 197, 199 (Tex. Civ.App.—San Antonio 1974, no writ). Contra, *Hofmann Paint Mfg. Co. v. Paint Cottage, Inc.,* 473 S.W.2d 954, 957 (Tex.Civ. App.—Austin 1971, no writ). In *Hofmann* the Court held that the trial court may demand evidence regarding reasonableness, but that the trial judge may be presumed to know the value of professional services and his failure to require evidence does not constitute grounds for reversal. This line of reasoning was expressly disapproved by our Supreme Court in *Great American Reserve Insurance Co. v. Britton,* supra. There being no evidence to support it, an award of attorney's fees against any party cannot be allowed.

The judgment of the trial court is REVERSED and judgment is RENDERED to the effect that appellee Foster Cathead is denied writ of garnishment, and appellee Parkdale Bank is denied its costs.