Lula M. GEE, Appellant,

v.

LEWISVILLE MEMORIAL HOSPITAL, INC., Appellee.

No. 2–92–148–CV.

Court of Appeals of Texas, Fort Worth.

March 10, 1993.

Rehearing Overruled April 7, 1993.

Godwin & Carlton, P.C. and Harvey G. Joseph, Michael L. Sampson, Dallas, for appellant.

Cowles & Thompson, and J. Stephen Gibson, Dallas, for appellee.

Before HILL, C.J., and FARRIS and HICKS, JJ.

## OPINION

FARRIS, Justice.

Appellant, Lula M. Gee, appeals from a take-nothing judgment in a premises liability case seeking to overturn the judgment and reinstate a default judgment which the trial court set aside when it granted appellee's, Lewisville Memorial Hospital's (Hospital), motion for new trial. Gee contends the take-nothing judgment must be reversed because the trial court had no jurisdiction to grant the motion for new trial, the Hospital failed to demonstrate the applicability of TEX.R.CIV.P. 306a(5) and failed to establish its right to a new trial under the *Craddock* guidelines. Because the Hospital proved by sworn motion that it received notice of the default judgment more than twenty days after the order was entered, because the affidavits were admitted into evidence and Gee failed to preserve error on her second point, and because Gee's third point raises an issue not appealable, we overrule her points and affirm the trial court's judgment.

On January 27, 1987, Gee fell and injured herself while visiting a patient at Lewisville Memorial Hospital. Because Gee was unable to resolve her claim with the Hospital's insurance carrier, she sued the Hospital. She issued process to Lewisville Memorial Hospital and delivered it on August 25, 1988 to a facility leased by HCA Health Services of Texas, Inc. (HCA).

HCA forwarded the petition and citation to the Hospital's agent, Allen Pierce, who took them to Jeff King, a representative of their insurance carrier, to be answered and defended. King contacted Peggy McCormick at the insurance service center and advised her he was sending some new papers on the Gee claim, but McCormick never received the papers and no answer was filed.

On October 3, 1988, Gee moved for, and the court entered, a default judgment because the Hospital did not answer within the allotted time. Gee sent notice of the judgment to the Hospital at HCA's address as she had the petition and citation. This time no communication transpired between

HCA and the Hospital, and HCA claimed the notice was not delivered to its facility.

The Hospital never received the notice and did not learn of the judgment until its insurance carrier called on November 7, 1988, more than twenty days after the judgment was entered, recapping a conversation it had with Gee on November 4, 1988, during which Gee demanded payment on the judgment. On December 2, 1988, which was within thirty days of the Hospital's receipt of actual knowledge of the judgment, the Hospital moved for a new trial and the court granted it on February 9, 1989.

In her first point, Gee complains the trial court lacked jurisdiction to order a new trial because the Hospital did not comply with the time periods prescribed by the rules of civil procedure. Specifically, Gee contends because the trial court made no findings of fact as to when the Hospital actually received notice of the default judgment, the trial court lacked jurisdiction to grant the relief requested.

To support this contention, Gee cites *Corro* and *Payne & Keller*. *Corro v. Southwestern Bell Media, Inc.*, 784 S.W.2d 471, 473 (Tex.App.—Corpus Christi 1989, no writ); *Payne & Keller Co. v. Word*, 732 S.W.2d 38, 41 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). In these cases, the courts denied the appellants relief because the trial courts made no finding on the date notice was received so they could not determine whether the appellants had met their burdens of proving the provisions of TEX.R.CIV.P. 306a(4) applied. However, these cases are not on point because they involve appellants complaining about the trial courts' *refusals* to set aside default judgments and grant new trials.

■ Unlike these cases, Gee complains the trial court erred in *granting* the new trial and setting aside the default judgment, because the Hospital did not file the motion within thirty days of the judgment and did not prove the applicability of Texas Rule of Civil Procedure 306a(5) which states the time to file a motion for new trial will be extended when the movant is able:

to prove in the trial court, on *sworn motion* and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX.R.CIV.P. 306a(5) (emphasis added).

Unlike *Corro* where the court found an *unverified* motion for a new trial did not constitute a sworn motion, in this case Allen Pierce's *verified* affidavit, attached to the motion for new trial, was a sworn motion and was proof of the date on which the Hospital first received actual knowledge of the judgment. *See Corro*, 784 S.W.2d at 471. Because the affidavit showed the Hospital actually received knowledge of the judgment more than twenty days after it was entered, it met its burden of proving the applicability of Rule 306a(5).

■ The remaining issue dispositive of Gee's first point is whether, in light of the Hospital's sworn motion, the trial court was required to make a specific finding of fact as to when the Hospital first received notice of the judgment. Because the parties did not request, and the court did not file, findings of fact and conclusions of law, the judgment of the trial court implies all necessary findings of fact in support thereof. *See In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (per curiam). The trial court's order granting new trial stated:

On the 4th day of January, 1989, the Court heard the Defendant's Motion for New Trial duly filed pursuant to Texas Rules of Civil Procedure 306(a)(4) on the 2nd day of December, 1988, and less than 30 days after the day on which Defendant first learned of the Default Judgment. . . .

Because the Hospital filed a sworn motion containing the *date* on which it first received knowledge of the default judgment, and because the trial court's order states the Hospital complied with Rule 306a(4), the trial court impliedly found the Hospital first received notice on November 7, 1988. Point one is overruled.

In her second point, Gee contends the Hospital failed to prove Rule 306a(5) applied to the case, because the affidavits attached to the motion for new trial were not admitted into evidence, and if the affidavits were admitted they were no evidence of the date the Hospital first learned of the judgment.

We will not address Gee's "no evidence" point because only the overruling of a motion for new trial is reviewable on appeal. An order granting a new trial is not subject to review, either by direct appeal from the order or from a final judgment rendered after later proceedings. *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex.1984).

In determining whether the affidavits were admitted into evidence we recognize "[t]here are no magic or exclusive words to be used" when offering evidence to the court. *Robertson Truck Lines, Inc. v. Hogden*, 487 S.W.2d 401, 402 (Tex.Civ. App.—Beaumont 1972, writ ref'd n.r.e.). Because the Hospital stated that it was tendering the affidavits into evidence, because the documents were identified for the court, and because the court allowed the Hospital to recite into the record those portions of the affidavits it wished included therein, we find the affidavits were admitted into evidence.[1] *See Bullock v. Foster Cathead Co.*, 631 S.W.2d 208, 211 (Tex. App.—Corpus Christi 1982, no writ).

Also, Gee made no objection when the Hospital tendered the affidavits at the January 4, 1989 hearing, and first raised the issue in her opposition brief of January 17,

1989. The objection Gee voiced was, "[t]he Court was not asked to take judicial notice of the affidavits that were file [sic] with the Court for any other purpose and the affidavits were not offered into evidence." In light of *Bullock*, where the court found the appellant's objection, voiced later in the same proceeding in which the evidence was offered, that "this assignment is not before the Court. The assignment is not evidence. It hasn't been offered and introduced in evidence" was not the timely, specific objection required by the court, we find Gee's objection was not sufficient to preserve error on this point. *Bullock*, 631 S.W.2d at 211; *see Robertson Truck Lines, Inc.*, 487 S.W.2d at 402. Point two is overruled.

Because the trial court's order granting the Hospital's motion for a new trial was within its jurisdiction, and because the order is interlocutory and not appealable, we overrule Gee's last point that the trial court erred in ordering a new trial because the Hospital failed to meet the criteria enumerated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). *Mori Seiki Co. v. Action Machine Shop, Inc.*, 696 S.W.2d 414, 415 (Tex.App.—Houston [14th Dist.] 1985, no writ).

The judgment is affirmed.

---

1. At the January 4, 1989 hearing, the Hospital's counsel stated:

    May I approach the court reporter? Let the record reflect I'm tendering the affidavit of Allen Pierce, the affidavit of Slyvia [sic] Campbell, affidavit of Melanie Sparks, the affidavit of Ron Reed, the affidavit of Peggy McCormick, the affidavit of Wayne M. Fessler, the affidavit of Mike Stovall, which includes exhibits—specifically five pages consisting of a coversheet of a teletype letter from Mr. Sampson to Mr. Stovall. A copy of the default judgment, and the Plaintiff's original petition, both pages. You have the affidavit of Mr. Steven Gibson with an exhibit consisting of the local climatological data from the Department of Commerce. The affidavit of Jeff P. King. The affidavit of Ronald E. Krafft, together with three pages of affidavits consisting of photographs. A copy of the statement of facts at the hearing on the liquidated damages—rather of the default judgment hearing, and the affidavit of Madeline Schneikart and the affidavit of James M. Everhart.