No. 04-98-01013-CV



Wilbert A. COLEMAN,


Appellant



v.



G.M. AUTOMOTIVE REPAIR SERVICE,


Appellee



From the County Court at Law No. 2, Bexar County, Texas


Trial Court No. 244376


Honorable H. Paul Canales, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice


Delivered and Filed: February 10, 1999


DISMISSED FOR LACK OF JURISDICTION


 The last order entered by the trial court in the underlying cause was a pre-trial scheduling
order and order referring the case to mediation. This order does not dispose of the parties or the
underlying claims. An order that does not dispose of all parties and causes of action is not final and
appealable. See Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex.
1986); Northeast Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). An order
compelling mediation is an unappealable interlocutory order. See Materials Evolution Development
USA, Inc. v. Jablonowski, 949 S.W.2d 31, 33 (Tex. App.--San Antonio 1997, no writ).

 On January 13, 1999, we ordered appellant to show cause why this appeal should not be
dismissed for want of jurisdiction. Appellant responded that he seeks to appeal the trial court's order
entered June 12, 1998, which granted a motion for reconsideration and/or motion for new trial and
set aside the trial court's order dated June 4, 1998. An order granting a new trial is an unappealable
interlocutory order. See Cummins v. Paisan Const. Co., 682 S.W.2d 235, 236 (Tex. 1984); Gee v.
Lewisville Memorial Hosp., Inc., 849 S.W.2d 458, 461 (Tex. App.--Fort Worth 1993, writ denied).
This appeal is dismissed for want of jurisdiction. Appellant retains his right to appeal after the trial
court renders a final judgment disposing of all parties and causes of action.


 PER CURIAM

DO NOT PUBLISH
Return to
Fourth Court of Appeals