**Opinion issued August 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-13-00613-CV

—————————————

## MINH TRAN, Appellant

## V.

## HONG KONG DEVELOPMENT CORP. A/K/A HONG KONG CITY MALL, Appellee

On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Case No. 2009-23,479

## MEMORANDUM OPINION

Minh Tran is appealing the trial court's take-nothing-judgment rendered on a jury verdict in his slip-and-fall case against Hong Kong Development Corp. In six issues, Tran contends that the trial court erred in granting HKDC's motion to extend the post-judgment deadlines based on Texas Rule of Civil Procedure 306a,

and that the trial court erred when it denied his post-trial motion to vacate the judgment. Finding no error in the trial court's judgment, we affirm.

## Background

Tran slipped and fell while visiting HKDC's shopping mall in July 2008. Two months later, Tran made a demand against HKDC for injuries he sustained as a result of the fall. HKDC's insurer investigated, interviewed witnesses, reviewed video surveillance of the incident, and ultimately denied the claim in October 2008.

Six months later, Tran sued HKDC in district court for premises liability, alleging that he suffered a concussion after he slipped on a puddle of water on the floor of the shopping mall caused by a leak in the roof that HKDC had failed to repair, and that HKDC failed to either warn him of the danger posed by the puddle on the floor or correct the danger. Tran served HKDC through its registered agent, Dan Nip.

When HKDC failed to file an answer or otherwise make an appearance in the case, Tran moved for default judgment and set the motion for submission. The certificates of service indicate that Tran sent copies of the motion and notice to HKDC via its registered agent, Nip, by certified mail, return receipt requested and by regular mail on July 21, 2009. The trial court granted the motion on August 17,

2

2009, and awarded Tran nearly $6 million in damages (including $2 million in exemplary damages), plus post-judgment interest.

On October 19, 2009, HKDC filed a motion to extend the appellate deadlines pursuant to Texas Rule of Civil Procedure 306a(5), attaching affidavits in support, including one from its property manager and authorized representative, James Duong. James testified in his affidavit that he is HKDC's property manager and its "authorized representative." He further testified that he receives all of the mail addressed to HKDC as part of his duties as property manager and that HKDC did not acquire actual knowledge of the default judgment until October 13, 2009—the date James received an October 8, 2009 letter from Tran's counsel attempting to collect on the judgment. James further testified that HKDC had not received a copy of the signed judgment, or otherwise received any other form of official notice of the judgment from the clerk's office prior to that date.

HKDC also attached affidavits from its attorney in support of the motion in which the attorney testified that he did not know about the default judgment until HKDC's insurance carrier hired his firm to represent HKDC in this matter on October 14, 2009. HKDC's attorney also testified that he and his associate had contacted Nip and Nip told them that he first learned of the default judgment sometime between October 9, 2009 and October 13, 2009, when he received the October 8, 2009 letter from Tran's counsel. Nip also informed him that he did

not receive any notice of the default judgment from the district clerk's office prior to receiving the October 8, 2009 letter, and that he had no communications with Tran's counsel regarding entry of a judgment. Although Nip initially agreed to sign an affidavit attesting to those facts, he subsequently informed counsel that he had changed his mind and he indicated that counsel should speak to James, HKDC's property manager, "about the potential value of the affidavit" to HKDC, and that he would not sign the affidavit unless he received substantial compensation for his efforts.

On October 22, 2009, HKDC filed an original answer, as well as a motion to set aside the default judgment, motion for new trial, or alternative motion for remittitur.

On November 18, 2009, HKDC filed a reply to Tran's response to the Rule 306a motion with additional affidavits, including one from HKDC's sole owner, Ha Duong, James's mother. Like her son, Ha testified that she did not acquire actual knowledge of the default judgment until October 13, 2009, when she received a letter from Tran's counsel. According to Ha, HKDC was not then represented by an attorney. She further testified that HKDC had not received a copy of the signed judgment, or any other official notice from the clerk's office regarding the judgment, prior to October 13, 2009.

On November 20, 2009 and December 11, 2009, the trial court held hearings on HKDC's Rule 306a motion. During the hearing, HKDC's former registered agent Nip testified[1] that he did not remember ever receiving official notice of the default judgment from the clerk's office, and that he did not have actual awareness of the judgment until he received Tran's counsel's October 8th letter. Specifically, Nip testified that his office is in the same building as HKDC's office and that even though he had not done any accounting work for HKDC in over ten years, it was his practice to sign for any certified mail sent to him, as their registered agent, and deliver any mail he received for HKDC—certified or otherwise—by bringing the mail to HKDC or slipping the mail under HKDC's door. According to Nip, he did not read the mail, he only delivered it.

After considering the motion, the evidence, and the record, the trial court found that HKDC did not receive notice of the August 17, 2009 default judgment within twenty days of the signing of that judgment and that HKDC "first acquired actual knowledge of the Court's August 17, 2009 default judgment on October 13, 2009, which is within 90 days of the signing of the judgment." Accordingly, the trial court granted HKDC's Rule 306a motion on December 11, 2009, and ordered that the post-judgment deadlines were to be calculated from the date HKDC received actual knowledge of the default judgment—October 13, 2009.

---

[1] Dan Nip was called to testify by Tran, not HKDC.

*See* TEX. R. CIV. P. 306a(4) (stating that if party does not receive notice or acquire actual knowledge of judgment within twenty days after judgment signed, then date party receives actual notice becomes starting point from which post-judgment deadlines run); *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) (stating that Rule 306a(4)'s date of notice is date from which all post-judgment deadlines and trial court's plenary power runs).

The case proceeded to trial a little over three years later, at the conclusion of which the jury found that HKDC was not liable for Tran's fall and that Tran was 100% negligent. On April 26, 2013, the trial court rendered a take-nothing judgment against Tran, based on the jury's verdict.

Tran then filed several post-judgment motions, including a motion to vacate all orders after January 11, 2010, including the April 26, 2013 judgment, on the basis that there was no order granting a new trial filed in the Harris County District Clerk's records prior to the expiration of the trial court's plenary power on January 11, 2010.[2] On July 10, 2013, the trial court signed an order denying all of Tran's post-trial motions, including his motion to vacate.

---

[2]    If Tran was correct, and the trial court's plenary power expired in January 2010, then any action the trial court took on Tran's motion to vacate the April 2013 judgment would also be void and not reviewable on direct appeal. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (stating "[m]andamus relief is appropriate when a trial court issues an order after its plenary power has expired" because such rulings are void).

This appeal followed.

## Jurisdiction

In his first and third issues, Tran contends that the trial court did not have jurisdiction to hold a hearing on HKDC's Rule 306a(5) motion because HKDC failed to make a prima facie showing of lack of notice. Specifically, Tran argues that HKDC was required to submit affidavits from all of its corporate officers alleging the date on which the officers first received a notice of the judgment or acquired actual knowledge of the signing of the judgment, and that the affidavit of James, HKDC's "property manager," is insufficient to make a prima facie showing of HKDC's lack of notice.

Rule 306a(5) requires the party alleging late notice of judgment to file a sworn motion establishing the date the party or its counsel first learned of the judgment. TEX. R. CIV. P. 306a(5). Rule 306a(5)'s requirements are jurisdictional. *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 540 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987)). The sworn motion establishes a prima

If Tran was also correct that no order granting the motion for new trial was signed prior to 2013, the court's plenary power would not have expired on January 11, 2010, as Tran contends; it would have expired on February 4, 2010—thirty days after the October 22, 2009 motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c) (stating that timely motion for new trial that has yet to be determined is overruled by operation of law seventy-five days after judgment), 329b(e) (stating that plenary power extends thirty days after timely motion for new trial is overruled by written order or operation of law).

facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *See Lynd*, 195 S.W.3d at 685; *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex. App.—Fort Worth 2004, pet. denied). A Rule 306a(5) motion is timely so long as it is filed prior to the expiration of the trial court's plenary power, as measured from the date of notice established under Rule 306a(4). *See Lynd*, 195 S.W.3d at 685.

Rule 306a(5) requires "the party adversely affected" to prove "on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing." TEX. R. CIV. P. 306a(5). The rules do not require that a corporate officer—much less *all* of the corporate officers—of an incorporated defendant submit sworn testimony on this issue. *See Gee v. Lewisville Mem'l Hosp., Inc.*, 849 S.W.2d 458, 460 (Tex. App.— Fort Worth 1993, writ denied) (holding unsworn motion with attached sworn affidavit from corporate defendant's agent sufficient to make prima facie showing of lack of notice). Indeed, the rules of civil procedure expressly provide that a *party's* affidavit "may be made by either the party *or his agent* or his attorney." TEX. R. CIV. P. 14 (emphasis added). The term "agent" means a "person or business authorized to act on another's behalf." *Columbia Rio Grande Healthcare,*

8

*L.P. v. Hawley*, 284 S.W.3d 851, 863 (Tex. 2009) (quoting dictionary definition of "agent").

Here, James testified in his affidavit that he is HKDC's property manager and its "authorized representative" (i.e., HKDC's agent for purposes of the motion). *See Hawley*, 284 S.W.3d at 863 (defining "agent" as "person or business authorized to act on another's behalf"). James, who receives all of the mail addressed to HKDC as part of his duties as property manager, testified that HKDC did not acquire actual knowledge of the default judgment until October 13, 2009— the date James received a letter from Tran's counsel attempting to collect on the judgment. James further testified that HKDC had not received a copy of the signed judgment, or otherwise received any other form of official notice of the judgment from the clerk's office prior to that date. James's sworn testimony is sufficient to establish a prima facie case of lack of notice. *See Gee*, 849 S.W.2d at 460 (sworn affidavit from corporate defendant's agent sufficient to make prima facie showing of lack of notice under Rule 306a). Moreover, the affidavit from HKDC's sole owner, Ha, which was attached to HKDC's reply to Tran's response to the Rule 306a motion filed on November 18, 2009, was also sufficient to make a prima facie showing of lack of notice. *See, e.g., Lynd*, 195 S.W.3d at 685–86 (holding Rule 306a(5) motion timely so long as it is filed prior to expiration of trial court's plenary power, as measured from date of notice established under Rule 306a(4)

9

and holding affidavits from defendant company's president, his secretary, company's corporate representative, and its attorney were sufficient to make prima facie showing of lack of notice).

Accordingly, the trial court had jurisdiction to determine the date of notice for purposes of Rule 306a(4).

We overrule Tran's first and third issues.

## Rule 306a(5) Motion to Extend Appellate Deadlines

In his second and fourth issues, Tran contends that the court, even assuming the trial court had jurisdiction, nevertheless erred in granting HKDC's Rule 306a motion because (1) HKDC failed to tender any evidence at its Rule 306a hearing and failed to refute evidence of receipt of the postcard by HKDC; and (2) the primary case[3] relied on by HKDC and by the trial court for the proposition that a party and a party's registered agent are not the same thing with respect to notice of a default judgment, is not binding precedent and does not modify the finality of the default judgment. We construe these arguments as a challenge to the legal and factual sufficiency of the evidence supporting the trial court's granting of HKDC's Rule 306a motion.

Post-judgment procedural timetables run from the day a party receives official notice or actual knowledge of the judgment, rather than the day the

---

[3]     *See Buddy "L", Inc. v. Gen. Trailer Co.*, 672 S.W.2d 541, 545 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

judgment is signed, if the party: (1) complies with the sworn motion, notice, and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty but less than ninety-one days after it was signed. TEX. R. CIV. P. 306a(4), (5). An appellate court reviews the trial court's Rule 306a findings, including the date a party is found to have received notice of judgment, for legal and factual sufficiency. *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Hot Shot Messenger Serv., Inc. v. State*, 798 S.W.2d 413, 414–15 (Tex. App.—Austin 1990, writ denied). As the factfinder, the trial judge weighs the evidence and judges a witness's credibility, and the judge may accept or reject any witness's testimony in whole or in part. *See Texaco, Inc.*, 137 S.W.3d at 768. The trial court enjoys "great latitude" with regard to the resolution of fact issues raised in the context of a Rule 306a motion. *See id.*

Here, HKDC submitted affidavits from its authorized agent, James, and its sole owner, Ha, testifying that HKDC (1) did not acquire actual knowledge of the default judgment until October 13, 2009—the date James received a letter from Tran's counsel attempting to collect on the judgment and (2) had not received a copy of the signed judgment, or otherwise received any other form of official notice of the judgment from the clerk's office prior to that date. This testimony is uncontradicted. Thus, contrary to Tran's position, HKDC did rebut the

11

presumption that it received notice of the default judgment. *See id.* (stating denial of receipt of notice of default judgment sufficient to rebut presumption, but not conclusive, and merely presents fact issue for factfinder). As such, it was incumbent upon Tran to adduce evidence corroborating his claim that HKDC received notice of judgment. *See Davilla*, 139 S.W.3d at 379–80 (stating that once defendant rebuts presumption, plaintiff must come forward with corroborating evidence). Tran, however, made no attempt to submit any evidence to support his claim that HKDC had received notice (i.e., sworn affidavits or live testimony from someone in clerk's office, or copy of the clerk's notice or return receipt). *Cf. Texaco, Inc.*, 137 S.W.3d at 768 (plaintiff called witnesses from clerk's office to testify during Rule 306a hearing regarding process of generating notice of default and subsequent mailing procedures to counter defendant's testimony that it did not receive clerk's notice).

Although Tran contends that the uncontradicted affidavits attached to HKDC's Rule 306a motion are insufficient and must be accompanied by live testimony in order for HKDC to meet its burden of proof, the case law does not support such a proposition. *See generally Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984) (affirming appellate court's reversal of trial court's denial of motion for new trial challenging default judgment based upon uncontroverted factual allegations in affidavits attached to motion for new trial); *Womack–*

*Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 816 n.9 (Tex. App.—Dallas 1994, writ denied), *overruled on other grounds by John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001) ("[A]t any rule 306a hearing the trial court is free to believe or disbelieve a movant's jurisdictional evidence or believe or disbelieve the nonmovant's contradicting evidence. However, absent a hearing, the trial court is bound to accept the movant's sworn affidavit as true.").

However, even if live testimony was required, the record reflects that Nip, HKDC's former registered agent, testified during the Rule 306a hearing as to his practice to sign for any certified mail sent to him, as HKDC's registered agent, and deliver all the HKDC mail—certified or otherwise—to HKDC. According to Nip, he only delivered the mail, and neither opened nor read it unless it was already opened when presented to him for his signature. Nip further testified that he did not remember receiving official notice of the default judgment from the clerk's office and was without any actual awareness of the judgment until receipt of the October 8th letter from Tran's counsel. Thus, between the sworn affidavits and testimony at the hearing, the evidence before the trial court was that neither HKDC nor Nip, its registered agent, received official notice from the clerk or otherwise had actual knowledge of the judgment until after twenty days from the date the court signed the judgment.

Because Nip's testimony established that he received no notice within twenty days of the judgment, we need not consider Tran's fourth issue (i.e., whether a particular case relied upon by HKDC and the trial court is binding precedent) or the question of whether notice of a default judgment to a party's registered agent constitutes notice to the party for purposes of Rule 306a.

We overrule Tran's second and fourth issues.

### Denial of Appellant's Post-Trial Motion to Vacate

In his fifth and sixth issues, Tran contends that the trial court erred when it denied his post-trial motion to vacate the judgment because (1) there was no order signed by the trial court granting the motion for new trial before the court's plenary power expired on January 11, 2010, and (2) although HKDC tendered an unofficial copy of a December 28, 2009 "order" purporting to grant a new trial, appellee failed to comply with Rule of Civil Procedure 77 regarding treatment of "lost" documents.

A court's ruling on a motion to vacate, like a ruling on a motion for new trial, is reviewed for abuse of discretion. *EnviroPower, LLC v. Bear, Stearns & Co.*, 265 S.W.3d 16, 19 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Here, Tran argued in his motion to vacate that there was no signed order granting the motion for new trial before expiration of the court's plenary power and, because HKDC failed to comply with Rule of Civil Procedure 77 regarding

treatment of "lost" documents, the court could not rely on the unofficial copy of the "order" HKDC attached to its response to the motion to vacate. *See* TEX. R. CIV. P. 77 (stating that if papers or records are lost or destroyed during pendency of a suit, trial court may, on agreement of parties or on sworn motion and hearing, substitute copy for lost or destroyed original document and have copy filed with clerk). HKDC maintained that Rule 77 was inapplicable because the December order was never "lost." Notably, the supplemental clerk's record, certified by the District Clerk's office, contains a signed order dated December 28, 2009 that vacates the August 17, 2009 default judgment, grants a new trial, and reinstates the case on the court's docket.

On July 10, 2013, the trial court signed an order denying Tran's post-trial motions, including his motion to vacate the April 26, 2013 judgment and his motion "Seeking Court Assistance to Investigate the Recently Filed Document from Defendant which Purports to be an Order Granting a New Trial." It is undisputed that HKDC did not attempt to comply with Rule 77. Therefore, the trial court's denial of Tran's post-judgment motions is treated as its implied finding that Rule 77 was, in fact, inapplicable (i.e., that the order was not "lost") and that a signed order granting the motion for new trial was on file in the clerk's office prior to the expiration of the trial court's plenary power. *Cf. In re C.H.C.*, 396 S.W.3d 33, 41 (Tex. App.—Dallas 2013, no pet.) (stating authenticity of copy of "lost"

15

order is fact issue for trial court); *In re Taylor*, 113 S.W.3d 385, 391 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) ("Whether the order had been signed was a matter entrusted to the sound discretion of the trial court, and we hold that the trial court did not abuse its discretion by determining that the order had been lost and by entering an order to substitute a re-executed order granting a new trial for that lost order.").

We overrule Tran's fifth and sixth issues.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice


Panel consists of Justices Keyes, Sharp, and Huddle.